GULOTTA, Judge.
Plaintiff, a named beneficiary, appeals from the dismissal of her suit for death benefits under a life and accidental death insurance policy covering a named insured who died as a result of gunshot wounds.
The policy provides benefits for death by accidental means when the named insured
“. . . has sustained accidental drowning or bodily injuries which are effected directly and independently of all other causes through external, violent and accidental means . . . .”
*1167 The pertinent exclusion contained in the policy is as follows:
“This policy does not cover death . resulting directly or indirectly from . . .
(5) the commission of, or attempt to commit, an assault or felony; $ * * i>
The facts are that on June 15, 1974, Herman Solomon, the insured, became involved in a fight with Gloria Fortenberry in a residence where the two had lived together for approximately six months. After Gloria had been struck and choked by Herman, she obtained a hand gun and shot and killed him.
According to plaintiff’s version of the incident, the combatants were separated by Gloria’s mother, Bessie Young, subsequent to the hitting and choking incident. After sitting down for a moment, the unarmed decedent arose and walked toward Gloria who, having obtained a pistol from another room, shot him. Defendant’s version, on the other hand, is that subsequent to the physical parting of the combatants the decedent jumped up and “charged” at Gloria in a rage and she fired the gun to protect herself from injury threatened by his attack.
Plaintiff’s thrust, on appeal, is two-fold. The first is that the insured’s death was “accidental”, and the second is that the insurer has failed to meet its burden of showing by a preponderance of the evidence the applicability of the exclusionary provision of the policy.
Assuming, but not holding, that Herman’s death was accidental, we nevertheless conclude that the exclusionary provision of the policy is applicable.
We are in agreement with plaintiff’s contention that once accidental death is established the insurer has the burden of showing by a preponderance of the evidence that the exclusionary clause is applicable. See Willis v. Willis, 287 So.2d 642 (La.App. 3d Cir. 1973); Chambers v. First National Life Insurance Company of New Orleans, 253 So.2d 636 (La.App. 4th Cir. 1971); Cummings v. Universal Life Insurance Company, 286 So.2d 412 (La.App. 4th Cir. 1973).
While no written reasons were assigned by the trial judge, implicit in the court’s dismissal of the suit is the factual conclusion based on a credibility determination that decedent was attempting to commit an assault on Gloria Fortenberry at the time he was shot. The record supports this conclusion.
Undisputed is the fact that prior to the shooting, Herman hit and choked Gloria. Undisputed also is Gloria’s testimony that she feared for her safety. She testified that Herman “started charging” at her and she shot him because she was afraid. Though she admitted that he could have been coming forward to apologize, she testified that the “look of his face” had not led her to believe that he was attempting reconciliation as he advanced. Bessie Young, an eye witness to the incident, testified that once the fight had been stopped, Gloria went toward another room. She stated that Herman had sat down for a minute, then had arisen and started toward Gloria in another rage. The witness stated, “He made a big leap and started right back toward her again.” At another point in her testimony, she stated, “. . . he just jump [sic] and all at once started into her again.”
In Willis v. Willis, supra, relied on by plaintiff, the policy excluded coverage for death resulting from “participation in the committing of a felony”. In the cited case, the insurer contended that the insured, at the time of his death, was committing the felony of attempted murder. The court, in allowing recovery, concluded in Willis that the insurer had failed to show the decedent at the time of his death had a specific intent to kill or inflict great bodily harm on another and that proof was lacking that the decedent was committing a “felony”. The exclusion in the policy in our case applies to death resulting from “the commission of, or attempt to commit, an assault or felony” (emphasis ours). We venture to say that if the policy exclusionary provision in the Wil *1168 lis case had contained the same phraseology as the instant case, i. e., attempt to commit assault or felony, the Willis court would have reached a different result.
Having concluded defendant successfully carried the burden of showing that the exclusionary provision is applicable, we affirm.

AFFIRMED.